IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER MAE HUTCHISON,<br><br>　　Plaintiff,<br><br>v.<br><br>THE STATE OF OKLAHOMA, *et.al.*,<br><br>　　Defendants. | Case No.23-CIV-180-RAW |

**OPINION AND ORDER**

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 3].

Plaintiff's Motion to Proceed *In Forma Pauperis* indicates that she is self-employed and unmarried. She owns no real property, a vehicle valued at $2,500 and has no money in the bank. She purportedly receives $350-400 gross pay per month. Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff filed her Complaint against the Defendants, stating as follows: Jurisdiction is asserted pursuant to "standard of proof, discovery of evidence" and the background of the case is stated as "raise a presumption of the truth – Kidspace and DHS lied…"

In the Complaint, Plaintiff states that her parental rights were terminated based on "hearsay and uncertainty to the truth." The statement of facts contains stark conclusory

allegations, with no logical facts to explain the allegations.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, accepted as true, to "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of Am., Inc. v. NBC Univ., Inc., 861 F.3d 1081, 1104 (10th Cir. 2017) (*quoting *Twombly*, 550 U.S. at 579).

Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). In a case against multiple defendants, "it is particularly important…that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations…" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (emphasis in original).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is

not required to make out a perfect case in his complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). The court may dismiss an action pursuant to 28 U.S.C. § 1915(e)(2)(B) when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991). Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

In this case, Plaintiff's litany of indistinguishable claims and defendants leaves the court attempting to sort out what she is asserting and against whom she is asserting the same. Further, the relief she is seeking and the basis for the court's jurisdiction are indeterminable. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED.
2. Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed without prejudice.

3. Plaintiff's Motion for Leave to File Electronic Media is deemed MOOT.

Dated this 22nd day of March, 2024.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**